KENNEY v. TRAGER.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

1. PARTNERSHIP ☞121—ACTIONS—ACCOUNTING.
    In an action by plaintiff for his share of the net profits of a business he and defendant conducted, evidence *held* insufficient to show that the profits amounted to the sum found by the court.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 183½–184½; Dec. Dig. ☞121.]

2. PARTNERSHIP ☞19—CONSIDERATION—NEW AGREEMENTS.
    Where plaintiff agreed to devote his entire time to the business, receiving half of the net profits, defendant's further agreement, in consid-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

eration of his devoting his entire time to the business, to reimburse him for any expenses incurred, is unenforceable for want of consideration.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 5; Dec. Dig. ⬤�top19.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Edward Kenney against George Trager. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Louis Rosenberg, of New York City, for appellant.
Edward L. Dennis, of New York City, for respondent.

COHALAN, J. Plaintiff has recovered on two causes of action the sum of $416.25. His first cause of action was to recover: (1) The sum of $26.25, the equivalent of 15 per cent. commissions on orders procured by him up to the sum of $175; and (2) to recover the sum of $390, or 50 per cent. of the net profits of the business done by the defendant between the 15th day of June, 1915, and the 9th day of August, 1915. The second cause of action was for the recovery of $91.55 disbursements claimed to have been incurred by the plaintiff in and about the business of the defendant.

The written agreement in evidence confirms the plaintiff's claim that he was to receive 15 per cent. of the business by him solicited, and aggregating the sum of $175, and that subsequent thereto he was to receive 50 per cent. of the net profits of the business.

[1] The plaintiff was entitled to recover the commission or the sum of $26.25. However, in order to recover 50 per cent. of the profits of the business, there had to be proof of the net profits of the business during the term of the contract. The court erroneously found that these profits amounted to $780. The only evidence upon which the court made such a finding may be briefly stated as follows:

Plaintiff testified that, before going into business with the defendant, whose business was that of repairing shoes, the defendant had told him that he was doing $150 worth of business a week; that he was making a profit of 65 per cent. on $150 worth of business, from which the plaintiff assumed that the defendant was making $90 a week, before going into business with the plaintiff.

Plaintiff further asserted that, subsequent to the time of his going into business with the defendant, the latter informed him that he was doing a more profitable business. Plaintiff, therefore, was of the opinion that, since the defendant was making 65 per cent. on $150 prior to the time that the plaintiff entered the defendant's employ, and inasmuch as the defendant was doing an increased business thereafter, the profits were at least 65 per cent. of $150, or $90 a week, one-half of which the plaintiff was entitled to receive. This view was adopted by the court.

The statements attributed to the defendant were denied by him, but in any event such a conclusion could not be drawn from the alleged statements made by the defendant. The defendant might have done a better business prior to the engagement of the plaintiff, still his profits

might not have been the same. The cost of labor might have increased, the cost of material might have been higher, the overhead charges might have increased, and sales might have been made at a less profit, or even at a loss. All these considerations must have entered into the situation in order to bring about a reasonable result.

The defendant's testimony is that the largest amount of business he did during the life of the contract was between $75 and $120 and $130 per week; that on each $100 worth of business done, the costs of material fluctuated between $30 and $40; that it was never less than $30, and that his average income during that period was less than $100; in fact, that there were losses during the summer months.

The entire case of the plaintiff, so far as the item of $390 was concerned, rests upon this unreliable testimony of an alleged admission made by the defendant before the making of the agreement, supplemented by another representation of the defendant, claimed to have been made subsequent thereto.

[2] In the plaintiff's second cause of action, he alleged that there was a supplemental agreement entered into, whereby it was agreed that, in consideration of the plaintiff's devoting his entire time to the business, the defendant would pay him such expenses as the plaintiff might reasonably incur in an effort to secure further business. This assertion was controverted by the defendant on the ground that it was void for want of consideration. The original agreement between the parties required the plaintiff to devote his entire time in and about the business of the defendant. It follows that an additional promise to do so would not support any promise for additional compensation, even if made by the defendant, because then the plaintiff would do nothing save what he was already obligated to do.

Paragraph second of the agreement reads:

"The party of the second part promises and agrees to give his entire time and efforts to and for said business, and in bringing in orders and business."

It is all too apparent, therefore, that the so-called promise of the defendant did not constitute a supplemental agreement and if made was without consideration. This was called to the attention of the court, and the second cause of action should have been dismissed.

The defendant's counterclaim was properly disallowed. The parties were joint owners of the motorcycle in question, and each was entitled to its possession. It appears that the machine had been seized under execution in an action brought against both of the parties to this action as defendants, so that it became impossible for the plaintiff to return the machine upon demand.

Judgment reversed and new trial ordered, with $30 costs to the appellant to abide the event. All concur.